IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAUN CROSS, | ) | |
| | ) | |
| Petitioner, | ) | NO. 1:17-cv-00066 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| RANDY LEE, WARDEN, | ) | BROWN |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is a Report and Recommendation from the Magistrate Judge (Doc. No. 26) recommending (1) no evidentiary hearing be held in this matter; (2) petitioner's petition for habeas corpus relief under 28 U.S.C. § 2254 be denied; (3) this action be dismissed with prejudice; and (4) a certificate of appealability should not issue. Petitioner filed objections to the Report and Recommendation. (Doc. Nos. 27 and 29).

After a *de novo* review, and for the following reasons, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Accordingly, Petitioner's petition for habeas corpus relief (Doc. No. 1) is **DENIED** and this action is dismissed with prejudice.

I.  BACKGROUND

Petitioner was one of several defendants charged in connection with an aborted drug deal. (Doc. No. 11-1 at 73). He was a passenger in a vehicle in which Laura Carter was found to be in possession of a quantity of cocaine, which she said Defendant had handed to her at the time of the stop. (*Id.*) Petitioner was indicted on one count of possession with intent to sell cocaine, and one count of possession with intent to deliver cocaine. (*Id.*) On October 2, 2014,

Defendant pleaded guilty to the charge for possession with intent to sell, and the state dismissed the remaining charge. (*Id*.) Co-defendant Laura Carter pleaded guilty to facilitation of possession. (*Id*. at 71). Another co-defendant was tried and convicted. (*Id*. at 73).

Petitioner filed a *pro se* state post-conviction petition with the Marshall County Circuit Court and was appointed counsel. (Doc. No. 11-1 at 3, 56-57). On March 11, 2016, the circuit court held an evidentiary hearing and heard testimony from Petitioner and his trial attorneys. (Doc. No. 11-1 at 64-70).

On June 16, 2016, before the circuit court ruled on the post-conviction petition, Petitioner filed a Motion to Reconsider Post Conviction, submitting a notarized statement by Carter, dated February 17, 2016, in which Carter claimed the drugs as hers. (*Id*. at 71). She wrote, "I claim the ounce as mine, I'm doing time for it. It was on ME and I'm writing you this to let you know I'm the guilty on facilitation possession …You not guilty on having an ounce – I am." Relying upon the Carter statement, Petitioner argued that his plea was not knowing and voluntary, and that counsel were ineffective for allowing him to enter the plea agreement. (*Id*. at 65-69).

On June 30, 2016, the circuit court denied Petitioner's state post-conviction petition. The court found that Petitioner's trial counsel never made the threatening statements attributed to her and that Petitioner failed to show he pled guilty because of the statements. (*Id*. at 79). The circuit court then dismissed Petitioner's *pro se* motion to reconsider because it did not demonstrate grounds for reopening the evidence at a post-conviction proceeding.[1] (Doc. No. 1 at 14).

---

[1] The circuit court dismissed Petition's *pro se* motion to reconsider because it did not demonstrate grounds to reopen the evidence at the evidentiary hearing on the petition for post-conviction relief. (Doc. No. 1 at 14). Under Tenn. Code Ann. § 40-30-117(a), a motion to reopen a post-conviction proceeding

2

On June 27, 2017, the Tennessee Court of Criminal Appeals ("TCCA") affirmed the denial of Petitioner's state post-conviction petition. (Doc. No. 11-6). The TCCA stated that the only issue raised on appeal was Petitioner's claim that counsel "terrorized" him with threats of an all-white jury, that these statements constituted ineffective assistance of counsel, and that they caused him to involuntarily plead guilty.[2] (*Id*. at 2). The TCCA held that there was no proof in the record to preponderate against the findings of the circuit court that the statements alleged by Petitioner were never made. (*Id.*)

Petitioner, proceeding *pro se*, brought this action on July 17, 2017, seeking federal habeas corpus relief, under 28 U.S.C. § 2254, asserting the following grounds for relief: (1) representation of appointed counsel was deficient; (2) his guilty plea was not knowing and voluntary; and (3) he is innocent of the offence to which he pleaded guilty. (Doc. No. 1). The Magistrate Judge found Petitioner was not entitled to relief on any of these grounds.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved

---

is only available if petitioner can establish by clear and convincing evidence that either (1) an appellate court has recognized a new constitutional right that requires retroactive application; (2) new scientific evidence has come to light that establishes petitioner's actual innocence; or (3) petitioner's sentence was enhanced due to a conviction later found to be invalid. *Keen v. Tennessee*, 398 S.W.3d 594, 607 (Tenn. 2012) (citing Tenn. Code Ann. § 40-30-117(a)).

[2] The TCCA noted that the petition "raised other grounds for post-conviction relief. However, this issue was the main issue addressed at the post-conviction hearing and the only issue raised on appeal." (Doc. No. 11-6 at 3, n.1).

for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Arguments not raised before the Magistrate Judge will not be considered. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (citing *Ward v. United States*, 208 F. 3d 216 (table) (6th Cir. 2000) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived.").

### III. ANALYSIS

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in a State court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

To obtain relief under § 2254, a prisoner must first exhaust his state remedies by "giv[ing] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To be "fairly presented" a habeas petitioner must present both the factual and legal basis for his claim to the state courts. *Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012). Failure to exhaust is considered a procedural default when "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement

4

would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1. A petitioner may defeat procedural default only by showing that there was cause for the default and prejudice resulting from the default or that failure to consider the claim would result in a fundamental miscarriage of justice. *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"Cause" is established where a petitioner can show some objective external factor impeded defense counsel's ability to comply with the state's procedural rules, or that his trial counsel rendered ineffective assistance. *Id*. at 753. The prejudice demonstrated to overcome the default must be actual, not merely a possibility of prejudice. *Maupin v. Smith*, 785 F.3d 135, 139 (6th Cir. 1986). A showing of prejudice requires petitioner to bear "the burden of showing, not mere that errors [in the proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). To demonstrate "a fundamental miscarriage of justice," a petitioner must make a "convincing showing" or actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013).

**A. Claims Related to the Carter Statement Are Procedurally Defaulted**

Petitioner's central grievance revolves around his belief that Carter's statement establishes his actual innocence of the crime to which he pled guilty; that his guilty plea could not have been knowing and voluntary because he was actually innocent of the charges; and that because of this new evidence showing his innocence, he should be allowed to withdraw his guilty plea. (Doc. No. 1, ¶¶18, 20, 26). He claims that if Carter had made the statement that the drugs were hers before he pled guilty, he would not have entered a plea.

5

As stated above, Petitioner filed a motion with the post-conviction court to consider the Carter statement, styled as a motion to reconsider, but the court denied the motion. (Doc. No. 1 at 14). Petitioner then appealed his claim to the TCCA. Although he had promised to do so,[3] Petitioner's counsel did not appeal any issues regarding the Carter statement. The only question presented to the TCCA was, "Did the Post-Conviction Court commit error in its determination that the conduct of Trial Counsel was with the standard demanded of competent defense counsel?" (Doc. No. 11-4 at 5).

Petitioner concedes that he did not exhaust his actual-innocence claim or any other claims related to the Carter statement and asserts that his failure to do so was due to his attorney's deficient representation on post-conviction. (*Id.*, ¶¶ 20, 22).

The question presented then is: Does failure of counsel to appeal the issue as directed by Petitioner constitute "cause" that will excuse the procedural default? Unfortunately for Petitioner, it does not. As stated above, "cause" requires a showing of some factor external to the defense that impeded counsel's efforts to comply with the procedural rule. *See Murray*, 477 U.S. at 488. The Magistrate Judge found Petitioner had not alleged any external cause for counsel's failure to raise the issue with the TCCA. Perhaps in an attempt to overcome this finding, Petitioner now asserts that the state assistant attorney general, his trial attorneys, and his post-conviction attorneys "conspired together to deprive him of due process right to i.e. be heard on Mr. Carter affidavit to prove his innocence [sic]." (Doc. No. 29 at ¶¶ 41, 39). Petitioner has not provided any evidentiary support for his conspiracy claims. In any event, this argument is waived because it was not presented to the Magistrate Judge. *See Swain*, 379 F. App'x at

---

[3] Counsel wrote to Petitioner, "I have filed your Notice of Appeal … We will aver that the trial court erred in not reopening your petition or in not considering new proof in your post-conviction petition." (Doc. No. 1 at 15).

6

517-18. The Court agrees with the finding of the Magistrate Judge that Petitioner does not allege any external factor prevented his attorney from complying with the procedural rule.

Petitioner contends procedural default should be excused due to ineffective assistance of post-conviction counsel – i.e. counsel's failure to appeal the post-conviction court's denial of the motions to consider new evidence – and that *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014) save his claim from procedural default. *Martinez* and *Sutton*, however, do not extend to ineffective assistance of counsel beyond the initial post-conviction review. *Martinez* saves claims of ineffective assistance *at trial* from procedural default when post-conviction counsel fails to raise the claim at the initial post-conviction review. *Martinez*, 566 U.S. at 17; *Sutton*, 745 F.3d 791. Petitioner's claims related to the Carter statement do not implicate the effectiveness of his trial counsel. The point at which Petitioner's claims related to the Carter statement and his claim of actual innocence became procedurally defaulted is when his appellate counsel failed to appeal the question to the TCCA. Because *Martinez* only applies to claims of ineffective assistance of *trial* counsel, this later procedural default is not encompassed by *Martinez*. See *Atkins v. Holloway*, 792 F.3d 654, 661 (6th Cir. 2015) ("attorney error at state post-conviction appellate proceeding cannot excuse procedural default under the *Martinez-Trevino* framework") (citing *West v. Carpenter*, 790 F.3d 693, 698 (6th Cir. 2015)).

For these reasons, the Court finds Petitioner has not shown "cause." Having failed to show "cause," it is not necessary to address the prejudice half of the cause-prejudice test. The next question is whether Petitioner has made a "credible showing of actual innocence" that a fundamental miscarriage of justice would occur if the claim is not reviewed.

A "credible showing of actual innocence" may permit a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A petitioner must show "it is more likely than not that no reasonable juror would have convicted [him] in light of the new evidence." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). This requires him "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Benning v. Warden, Lebanon Corr. Inst*., 345 F. App'x 149, 161 (6th Cir. 2009) (citing *Schlup*, 513 U.S. at 324). A "credible claim of actual innocence is extremely rare," and it "should 'remain rare' and 'only be applied in the extraordinary circumstances.'" *Souter v. Jones*, 395 F.3d 577, 590, 600 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 321). Notably, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Court agrees with the Magistrate Judge's determination that the Carter statement does not establish Petitioner's actual innocence, i.e. that no reasonable juror would have convicted him. In the context of a trial, Carter's statement would be one piece of evidence subject to consideration of its reliability and weighed against Petitioner's contradictory testimony under oath at the plea hearing. Plea hearing testimony "constitute[s] a formidable barrier in any subsequent collateral proceeding" because "[s]olemn declarations in open court carry a strong presumption of veracity." *Calvey v. Burt*, No. 17-1926, 2018 WL 2015779, at *3 (6th Cir., April 30, 2018) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). In other words, the Court may presume that Petitioner's statement under oath at the plea hearing is true – that he bought the cocaine and only gave it to Carter to hide after officers initiated a

8

stop of the vehicle. In assessing the reliability of Carter's statement, i.e. the likelihood that her statement is true, the Court may consider the timing of the statement and Carter's likely credibility. *Benning*, 345 F. App'x 149 at 161 (citing *Schlup*, 513 U.S. at 332). Here, Carter wrote the letter only after she pleaded guilty and was sentenced for her role. Such post-conviction statements are "inherently suspect because codefendants may try to assume full responsibility for the crime without any adverse consequences." *Allen v. Yukins*, 366 F.3d 396, 405 (6th Cir. 2004).

The Court agrees with the conclusion of the Magistrate Judge that Carter's statement lacks sufficient reliability to show "it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." Accordingly, Petitioner has not shown a fundamental miscarriage of justice that would overcome the procedural default on his claims related to the Carter statement or his claim of actual innocence.

## B. Ineffective Assistance of Counsel

Without objecting to specific portions of the Report and Recommendation, Petitioner alleges three instances where his Sixth Amendment right to effective assistance of counsel was violated: (1) trial counsel coerced him to enter a guilty plea by threatening him with an all-white jury who would hang him; (2) trial counsel failed to show him incriminating statements made by his codefendants; (3) post-conviction counsel failed to obtain a hearing on the Carter Statement; and (4) post-conviction counsel failed to appeal the post-conviction court's dismissal of his motion to reopen the evidence.

The allegation that trial counsel did not show him the statements of codefendants is entirely new. In fact, in the supplemental objections to the Report and Recommendation, Petitioner states that he "now realized that trial counsel Zimmerle's [sic] never let him to this

date see the alleged statement [of Carter]." (Doc. No. 29, ¶ 38). Because was not raised before the Magistrate Judge, this argument is waived. *See Swain*, 379 F. App'x at 517-18. Moreover, the relevant statement considered by the state trial court at Petitioner's plea hearing was Petitioner's own statement that he was guilty of the crime charged. Petitioner's admission of guilt renders the content of Carter's prior statement irrelevant.

Petitioner's assertion of ineffective assistance of post-conviction counsel is not grounds for habeas relief. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or state collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under 2254.") Moreover, there is no constitutional right to counsel in postconviction proceedings, and therefore no corresponding claim for ineffective assistance of counsel. *See Coleman*, 501 U.S. at 725; *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (ineffective assistance of post-conviction counsel does not provide a separate ground for habeas relief).

Only the first instance of ineffective assistance – that trial counsel coerced him to enter a guilty plea by threatening him with an all-white jury who would hang him – was exhausted in state court. Both the post-conviction court and the TCCA rejected Petitioner's claim that ineffective assistance of counsel rendered his guilty plea involuntary. Petitioner's only objection to the Report and Recommendation on the issue of ineffective assistance of trial counsel an objection to the trial court finding that he pleaded guilty because of the jail recordings and not because of statements by counsel regarding the makeup of the jury. (Doc. No. 29, ¶¶ 16-17).

To satisfy due process, guilty pleas must "not only must be voluntary, but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and

likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). A state court's determination that a guilty plea was valid is a factual finding entitled to a presumption of correctness on federal habeas review, rebuttable only by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008); *Carethers v. Wolfenbarger*, 407 F. App'x 14, 17 (6th Cir. 2011). "[T]he two-part *Strickland* test … applies to challenges of guilty pleas based on the ineffective assistance of counsel.'" *Lafler v. Cooper*, 566 U.S. 152, 162 (2012) (citing *Missouri v. Frye*, 566 U.S. 134 (2012)). In the guilty-plea context, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 163. In addition, when an ineffective assistance of claim arises under AEDPA, the court gives deference to both counsel's performance and the state court's determination that counsel's performance was reasonable. *See Cullen v. Pinholster*, 563 U.S. 170, 196 (2011); *Hand v. Houk*, 871 F.3d 390, 413 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 1593 (2018). The result of this double deference is that "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 105 (2011)) ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotation marks and citations omitted). Therefore, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

The Magistrate Judge carefully and thoroughly examined the record and found the state courts' determinations regarding the voluntariness of Petitioner's guilty plea did not constitute

11

an unreasonable application of clearly established Federal law or an unreasonable determination of the facts in light of the evidence presented such that would entitle Petitioner to habeas relief. The Court has conducted a *de novo* review of the state court proceedings and agrees with the recommendation of the Magistrate Judge.

The post-conviction court heard testimony from Petitioner and both trial attorneys and found that trial counsel did not make the statement attributed to her and that Petitioner decided to plead guilty because of the supplemental disclosure of jail recordings. (Doc. No. 11-1 at 79). Petitioner presents no evidence that preponderates against the finding by the post-conviction court. Accordingly, Petitioners petition for habeas relief on this ground is denied.

## C. An Evidentiary Hearing Is Not Warranted

Petitioner objected to the recommendation that no evidentiary hearing be held. (Doc. No. 27, ¶ 1). The standard by which the Court determines whether to grant an evidentiary hearing has been articulated by the Supreme Court as follows:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an application to prove the petition's factual allegations, which if true, would entitle the applicant to federal habeas relief. Because the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.

*Schriro v. Landrigan*, 550 U.S. 465 (2007); *see also, Ivory v. Jackson*, 509 F.3d 284, 298 (6th Cir. 2007). "A district court is not required to hold an evidentiary hearing if the record 'precludes habeas relief.'" *Muniz v. Smith*, 647 F.3d 619, 625 (6th Cir. 2011).

Here, as stated above, Petitioner's claims are procedurally barred or without merit. Carter's statement, whether by affidavit or direct testimony, would not entitle Petitioner to habeas relief. Accordingly, an evidentiary hearing is not warranted.

## IV. CONCLUSION

For the reasons stated, Petitioner's objections are **OVERRULED**. The Report and Recommendation of the Magistrate Judge (Doc. No. 26) is **ADOPTED** and **APPROVED**. Petitioner's petition for habeas corpus relief under 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED WITH PREJUDICE**. Should Petitioner file a notice of appeal, such notice shall be docketed as both a notice of appeal and application for COA which should not issue.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE